**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1286-24

YELLOWSTONE REO LLC,

    Plaintiff-Respondent,

v.

ANNETTE PRICE,

    Defendant-Appellant,

and

FCI NATIONAL FUND II, LLC,
LVNV FUNDING LLC, Assignee
of NEW CENTURY FINANCIAL
SERVICES, AA BAIL BONDS INC.,
t/a AA BAIL BONDS, and
AMERICAN TRADING COMPANY
on behalf of TRENTON
ANESTHESIOLOGY,

    Defendants.

_____

Submitted April 15, 2026 – Decided May 8, 2026

Before Judges Paganelli and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-013819-23.

Annette Price, self-represented appellant.

Taylor and Keyser, attorneys for respondent (Robert W. Keyser, on the brief).

PER CURIAM

Defendant Annette Price appeals from an October 16, 2024 writ of possession issued following entry of a September 27, 2024 amended final judgment in this tax-sale foreclosure matter. We affirm.

On December 6, 2023, plaintiff Zion Investment Group LLC (Zion) filed a complaint naming Price and other defendants. The other defendants did not participate in the Chancery Division proceedings, nor are they participating in the appeal.

Zion alleged that since January 1979, Price held an interest in 143 Fountain Avenue, Trenton, New Jersey (the Property). Zion contended as of April 2008, title to the Property became vested solely in Price as the surviving joint tenant. Zion alleged taxes assessed against the Property for the years 2020 and 2021 were not paid. Further, in June 2021, the tax collector conducted a sale of the Property. Zion contended the Property was "struck off and sold to the City of Trenton, subject to redemption." Zion alleged it was assigned the

2

tax sale certificate in August 2023.  Zion asserted Price had not redeemed the tax sale certificate in the more than two years that had elapsed since the sale to the city.

Zion alleged in November 2023, it had "served written notice, by certified mail with postage prepaid thereon, of [its] intention to file the . . . complaint." Zion stated the notice "included the amount due on the tax lien . . . to be foreclosed."  Further, the notice was served at "the last known addresses of all parties entitled to redeem in accordance with N.J.S.A. 54:5-97.1 and N.J.S.A. 54:5-54, . . . and also filed such notice with the municipal tax collector's office." Zion demanded judgment, in part, "[b]arring and foreclosing [Price] of all equity of redemption in and to" the Property.

On April 5, 2024, Zion requested entry of default against Price.  In support of the request, Zion's counsel filed a certification of diligent inquiry concerning Price's address.  Further, counsel certified "[t]he summons and complaint were served upon . . . Price . . . by certified mail, return receipt requested, and by regular mail on December 22, 2023."  Price did not file an answer or otherwise plead.

On April 5, 2024, Zion moved for "an order setting amount, time and place for redemption."  The notice of motion was served on Price, and it advised her

that any objection must be filed with the Office of Foreclosure.  Moreover, if an objection was filed, the matter would be presented to a judge.  Price did not file an objection.

On April 24, 2024, the court entered an order setting amount, time, and place for redemption.  The order stated "default ha[d] been entered against . . . Price[.]" Further, the order provided the amount due was "$1,520.58" and, if not paid to the City of Trenton tax collector's office by June 24, 2024, Price would be "absolutely debarred and foreclosed of and from all right and equity of redemption."  In addition, absent redemption, Zion would "have an absolute and indefeasible interest of inheritance in fee simple" to the Property.  The order required Zion to serve Price with the order by mailing to her "a copy or notice" within twenty days.

On June 24, 2024, Yellowstone REO LLC (Yellowstone) was substituted into the matter in place of Zion.  On July 12, 2024, Yellowstone moved for entry of final judgment.  The notice stated the motion would be returnable "on August 2, 2024, or as soon thereafter as counsel may be heard."  (Emphasis omitted). In the notice of motion, counsel relied on the affidavit of non-redemption signed by the tax collector for the City of Trenton.  Counsel certified he had served Price with the motion by regular and certified mail.  In addition, counsel

A-1286-24

produced an affidavit from a process server that stated the server had personally served Price with the motion.

The notice of motion informed Price that if she wanted to object to the motion, she had to file and serve a written objection no later than eight days before the August 2, 2024 return date and that her personal appearance in court would not qualify as an objection. Price did not file a written objection.

On September 27, 2024, the court entered final judgment. The judgment stated Price was "absolutely debarred and foreclosed of and from any and all right, and equity of redemption, in and to the" Property and Yellowstone "[wa]s vested with an absolute and indefeasible estate of inheritance in fee simple to the" Property. On October 16, 2024, the court entered a writ of possession for the Property.

On appeal, Price argues she was denied due process because she "was physically present in court, ready to present her defenses, but was affirmatively told there was no hearing—only to have judgment entered against her the same day." She also contends the court "failed to advise" her that she had the right to redemption under N.J.S.A. 54:5-54 or provide her with a redemption amount "despite her expressed willingness to pay." Lastly, she argues the court's entry of final judgment was arbitrary, considering she appeared in court and was

A-1286-24

ready, the "misinformation" provided by court staff, the court did not conduct a hearing, and she was not provided with an "opportunity to cure any procedural deficiency." Price requests we reverse the judgment, remand the matter "for a full and fair evidentiary hearing," and require the trial court to provide her "with full redemption rights and procedures."

Price's arguments lack merit. Price did not move in the Chancery Division for relief from the final judgment under Rule 4:50-1. Thus, our review is limited to whether the trial court abused its discretion in granting final judgment. "[I]t has long been the law of New Jersey that an application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). "It is against that standard that we evaluate defendant's substantive complaints." Scurry, 193 N.J. at 503.

A-1286-24

"Due process is 'a flexible [concept] that depends on the particular circumstances.'" H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (alteration in original) (quoting Doe v. Poritz, 142 N.J. 1, 106 (1995)). However, "[a]t a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" Id. at 321-22 (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)).

Price generally argues her due process rights were violated because she was not advised of her rights under N.J.S.A. 54:5-54 and she appeared in court on the return date of the motion for final judgment but was incorrectly advised there would be no hearing. These arguments are belied by the facts in the record. Indeed, Price's statutory right to redemption is stated in documents served on her. In addition, she was expressly informed that any objection to the motion for final judgment had to be submitted in writing and her "personal appearance at the court will not qualify as an objection."

Moreover, Price neither contends, nor does the record suggest, that Zion or Yellowstone failed to comply with the applicable rules of court. See R. 4:4-4 (service of process); R. 4:64-1 (foreclosure of tax sales certificates).

A-1286-24

To the extent we have not addressed any of Price's remaining arguments, we determine that they are insufficient to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1286-24